UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TODD BORCHARDT, MICHELE BORCHARDT, DANIELLE SHAVER, and DILLON BORCHARDT, | Case No. 16-CV-0055 (PJS/KMM) |
| Plaintiffs, | |
| v. | ORDER |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

Brian F. Murn and Charles J. Lloyd, LIVGARD & LLOYD, PLLP, for plaintiffs.

Tony R. Krall, Leah A. Indrelie, and Lehoan T. Pham, HANSON LULIC & KRALL, LLC, for defendant.

In September 2014, a fire destroyed the home of plaintiffs Todd and Michele Borchardt and their adult children, plaintiffs Danielle Shaver and Dillon Borchardt (collectively, "the Borchardts"). The Borchardts submitted a claim to their homeowners insurer, defendant State Farm Fire and Casualty Company ("State Farm"). State Farm denied coverage after concluding that the Borchardts either set the fire themselves or arranged for someone else to do it. The Borchardts deny that they played any role in causing the fire. That dispute will be settled at trial.

This matter is before the Court on State Farm's motion for partial summary judgment. State Farm asks this Court to rule that Shaver is not entitled to coverage for the loss of her personal property because she lied when being interviewed by State Farm after the fire. For the reasons that follow, the Court denies State Farm's motion.

I. BACKGROUND

A fire destroyed the Borchardts' home late on the evening of Friday, September 12, 2014. The Borchardts were deeply in debt at the time; in fact, the electricity to their home had been cut off several days earlier. Just hours before the fire was started, the Borchardts had left their home to spend the night at a nearby hotel. ECF No. 1 Ex. A ¶ 6; ECF No. 74 ("Murn Aff.") Ex. 1 at 23:1034-42; Murn. Aff. Ex. 5 at 3. The Borchardt home was insured by State Farm; all four members of the family were named insureds under the policy.

On September 16, 2014, the remains of the home were inspected by law-enforcement officers and State Farm representatives. Among those participating in the inspection were Doug Noah (an expert hired by State Farm) and Jim Onken (an adjuster employed by State Farm). Murn Aff. Ex. 5 at 2; Murn Aff. Ex. 4 at 98:13-99:4. Noah ultimately concluded that the fire had been intentionally set in the basement of the home sometime between 11:00 pm and midnight on September 12. Murn Aff. Ex. 5 at 5; Murn Aff. Ex. 4 at 107:9-14.

Shaver was interviewed by Onken on September 24, 2014. Murn Aff. Ex. 1; ECF No. 65-1 ("Pham Aff.") Ex. 1. State Farm alleges that, in the course of that interview, Shaver told two lies. First, Shaver told Onken that she had not smoked in the basement of the home on the day of the fire. Pham Aff. Ex. 1 at 10:451-53, 11:458-60. Second, Shaver told Onken that, the "[l]ast [she] remember[ed]," she had locked the basement door. Murn Aff. Ex. 1 at 13:561; *see also id.* at 37:1673-75 ("Q: Okay and the best of your knowledge the last time that you can remember you locked the door? R: Yes sir.").

After this lawsuit was filed, Shaver was deposed, and at her deposition she admitted that she had, in fact, smoked in the basement at about 2:00 pm on the day of the fire; she also admitted that she had lied when she told Onken otherwise. Pham Aff. Ex. 3 at 40:3-22. Moreover, Shaver arguably changed her statement regarding the basement door, now testifying, "I thought it was [locked], but I don't know." *Id.* at 22:9. In response to leading questions from State Farm's counsel, Shaver admitted that she had lied to Onken about whether the back door was locked, even though her deposition testimony was arguably consistent with her statement to Onken. *Id.* at 21:12-17.

Shaver later submitted a "correction sheet" with respect to her interview with Onken. *See* Murn Aff. Ex. 2. On that correction sheet, Shaver again stated that she had smoked a cigarette in the basement on the day of the fire, and Shaver explained that she

had been scared to admit that fact to Onken. Shaver also asserted that she thought she had locked the basement door, but it was possible that she had not. *Id.*

As noted, Shaver was a named insured under the homeowners policy that covered the Borchardt home. That policy contained a "Concealment or Fraud" provision, which limited coverage as follows:

> **Concealment or Fraud.**
>
> With respect to any occurrence or loss caused by fire, we do not provide any coverage to the insured who has:
>
> (1) before a loss, wilfully; or
>
> (2) after a loss, wilfully and with intent to defraud;
>
> concealed or misrepresented any material fact or circumstance relating to this insurance.

ECF No. 64 at 5 (quoting Homeowners Policy Form No. FE-3476 at 7).

State Farm argues that it owes no coverage to Shaver for the loss of her personal property because, after the fire, she "wilfully and with intent to defraud . . . concealed or misrepresented [a] material fact or circumstance relating to [the] insurance." *Id.* Specifically, State Farm argues that, in her interview with Onken, Shaver misrepresented whether she had smoked in the basement on the day of the fire and whether she had locked the basement door; that both misrepresentations related to a

material fact; and that both representations were made willfully and with intent to defraud.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution "might affect the outcome of the suit under the governing" substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255.

### B. Materiality of Shaver's Statements

Shaver argues that, even if both of the challenged statements to Onken were misrepresentations, and even if both misrepresentations were made willfully and with intent to defraud, neither misrepresentation gave State Farm a basis for denying coverage because neither related to a "material" fact or circumstance. The Court agrees.

The Eighth Circuit has addressed the meaning of "material" in three recent cases in which State Farm attempted to deny coverage to an insured whose home was

destroyed by fire because the insured allegedly made misrepresentations to State Farm after the fire: *Warren v. State Farm Fire & Casualty Co.*, 531 F.3d 693, 695-96 (8th Cir. 2008); *Tweedle v. State Farm Fire & Casualty Co.*, 202 F. App'x 934, 935 (8th Cir. 2006); and *Willis v. State Farm Fire & Casualty Co.*, 219 F.3d 715, 717 (8th Cir. 2000). In all three cases, the Eighth Circuit applied Arkansas law, and in all three cases the Eighth Circuit said that

> "a fact or circumstance is material if it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims." *Willis*, 219 F.3d at 718 (quotations omitted). Accordingly, "[a] misrepresentation may . . . be material even if it does 'not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time[.]'" *Id.* (quoting *Wagnon v. State Farm Fire & Cas. Co.*, 146 F.3d 764, 768 (10th Cir. 1998)).

*Warren*, 531 F.3d at 699; *see also Tweedle*, 202 F. App'x at 938 ("Under Arkansas law, a fact or circumstance is material if 'it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims.'" (quoting *Allstate Ins. v. Voyles*, 65 S.W.3d 457, 462 (Ark. Ct. App. 2002)).

Seizing upon the Eighth Circuit's use of the word "relevant," State Farm argues that Shaver's alleged misrepresentations were relevant and therefore material. In so arguing, State Farm uses "relevant" in its broad sense—similar to the way that "relevant" is defined in the Federal Rules of Evidence. *See* Fed. R. Evid. 401 ("Evidence

-6-

is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). State Farm says, in essence, that it wanted to know whether anyone had smoked in the home during the day of the fire because sometimes fires are caused by cigarettes that are not properly extinguished. State Farm also wanted to know whether the basement door had been locked because it would have been easier for an arsonist to enter the home if the door had been left unlocked. Therefore, says State Farm, Shaver lied about relevant matters.

But notwithstanding its use of the word "relevant" in *Warren*, *Tweedle*, and *Willis*, the Eighth Circuit has been clear that, in order for an insurer to carry its burden of proving that coverage is void due to a material misrepresentation, the insurer must prove not just that the misrepresented fact was something that the insurer wanted to know, but that the misrepresentation had an impact on the insurer's investigation. As the Eighth Circuit said in *Warren*, "[i]n order to be material, a misrepresentation must, at least, somehow impact the insurer's investigation of the claim." 531 F.3d at 700.

In *Warren*, for example, the Eighth Circuit upheld a directed verdict for the insured on State Farm's misrepresentation defense. *Id.* As to one alleged misrepresentation—the inaccurate statement of the insured that she had not previously filed a claim for a fire loss—the Eighth Circuit said, "Whatever relevance the prior car

fire claim had, State Farm presented no evidence to show that its resources or the direction of its investigation would have been different had it been apprised of the prior fire loss in Warren's first statement." *Id.* As to a second alleged misrepresentation—the inaccurate statement of the insured that she was current on her mortgage payments at the time of the fire—the Eighth Circuit said, "State Farm has produced no evidence that Warren's knowledge of the status of her mortgage, one way or the other, would have altered the course of its investigation or its treatment of her claim in any way." *Id.*

Similarly, in *Tweedle*, State Farm sought to avoid coverage on the grounds that the insured had lied when she told State Farm that she had been on her cell phone when a firefighter arrived at her home. 202 F. App'x at 937-38. The Eighth Circuit affirmed the district court's finding that the alleged misrepresentation was not material: "Any alleged misstatement by Tweedle as to whether she was on her cell phone when Armstrong arrived was not material. Examining the statement when it was made, such a minor discrepancy in Tweedle's recollection as to how long she was on her phone would not have impacted State Farm's investigation in any way." *Id.* at 938. By contrast, in *Willis*, the Eighth Circuit held that the insured's concealment of the fact that he suspected his wife of setting the fire was material because "[i]f such information had come to light at an earlier point in the investigation, the direction of the investigation

and the resources allocated by State Farm to conduct it might very well have been different and more effective." 219 F.3d at 718.

State Farm concedes that, under this standard, it cannot prove that Shaver's alleged misrepresentations were material, because it cannot prove that the misrepresentations had any impact on its investigation. State Farm argues, however, that Minnesota law differs from the Arkansas law—and that, under Minnesota law, the insurer need only prove that the misrepresentation was about a relevant fact, and not that the misrepresentation somehow affected the insurer's investigation. In support of its argument, State Farm relies almost entirely on *Bahr v. Union Fire Ins. Co.*, 209 N.W. 490 (Minn. 1926).[1]

The plaintiff in *Bahr* submitted a claim to his insurer after a fire destroyed some of his property. The insurer later alleged that the insured had fraudulently inflated the

---

[1] State Farm also cites *Collins v. USAA Property & Casualty Ins.*, 580 N.W.2d 55 (Minn. Ct. App. 1998), but that case is inapposite. In *Collins*, thieves stole personal property from a building and then, a few days later, the building and the personal property remaining in the building were destroyed by a fire. *Id.* at 55. The insureds filed two claims with their insurer—one for the stolen personal property, and one for the burned building and personal property. *Id.* A jury found that the insureds had made material misrepresentations about the value of the personal property that had been stolen and the personal property that had been burned. *Id.* at 55-56. The question for the Minnesota Court of Appeals was whether the fact that the insureds had lied about the personal property "voids coverage not only for the property loss itself but also for the loss to the building." *Id.* at 56. In the course of its discussion of that issue, the court said almost nothing about materiality, and certainly nothing that was inconsistent with Arkansas law.

value of the destroyed property. The policy at issue provided that it "'shall be void . . . if the insured shall make any attempt to defraud the company, either before or after loss.'" *Id.* at 491. The Minnesota Supreme Court observed in dicta that, under this provision, "any attempt to defraud the insurer by the insured voids the policy, even though the attempt be abortive, or did not influence . . . the insurer because [it] knew the truth and [was] aware of the fact that the assured was attempting to defraud." *Id.* The Court's statement was dicta because there was no dispute about materiality; instead, the dispute was about whether the alleged misrepresentation had been made in an attempt to defraud the insurer.

*Bahr* is readily distinguishable. Whether an insured's statements "amount to material representations voiding the policy is governed by the language of the insurance contract." *Warren*, 531 F.3d at 699. In *Bahr*, the insurance policy could be voided if "'the insured shall make any attempt to defraud the company . . . .'" *Bahr*, 209 N.W. at 491. The policy did not require any such attempt to be about a material fact. Here, by contrast, the Borchardts' homeowners policy could not be voided unless the misrepresentation was about a material fact. *Bahr*'s interpretation of a policy that did *not* impose a requirement of materiality is obviously of little help in interpreting a policy that *does* impose such a requirement.

Putting that aside, nothing in the *Bahr* dicta is inconsistent with *Warren*, *Tweedle*, or *Willis*. *Bahr* said that, under the insurance policy that was at issue in that case, an attempt to defraud the insurer would void the policy even if that attempt did not affect the ultimate decision of the insurer. 209 N.W. at 491. In its cases, the Eighth Circuit similarly made clear that "[a] misrepresentation may . . . be material even if it does 'not ultimately prove to be significant to the disposition of the claim.'" *Warren*, 531 F.3d at 699 (quoting *Willis*, 219 F.3d at 718). Again, though, the misrepresentation must have had an "impact [on] the insurer's investigation of the claim." *Id.* at 700.

In the absence of Minnesota case law to the contrary, the Court adopts the standard for materiality developed by the Arkansas courts and applied by the Eighth Circuit in *Warren*, *Tweedle*, and *Willis*. State Farm has candidly admitted that it cannot demonstrate that Shaver's alleged misrepresentations had any impact on its investigation. The Court therefore holds that Shaver's alleged misrepresentations were immaterial as a matter of law.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for partial summary judgment [ECF No. 62] is DENIED.

Dated: August 16, 2017     s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge