UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TODD BORCHARDT, MICHELE BORCHARDT, DANIELLE SHAVER, and DILLON BORCHARDT, | Case No. 16-CV-0055 (PJS/KMM) |
| Plaintiffs, | ORDER |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

  Charles J. Lloyd and Adam C. Hagedorn, LIVGARD & LLOYD, PLLP, for plaintiffs.

  Tony R. Krall, HANSON LULIC & KRALL, LLC, for defendant.

  In September 2014, a fire destroyed the home of plaintiffs Todd and Michele Borchardt and their adult children, plaintiffs Danielle Shaver and Dillon Borchardt (collectively, "the Borchardts"). The Borchardts submitted a claim to defendant State Farm Fire and Casualty Company ("State Farm"), their homeowners insurer, for the value of the home and the personal items that were destroyed by the fire. State Farm denied coverage for two reasons: First, State Farm alleged that the Borchardts had either set the fire themselves or arranged for someone else to set it. Second, State Farm alleged that the Borchardts had lied about the cause of the fire and about the items of personal property that were lost in the fire.

After the Court denied State Farm's motion for partial summary judgment, the case was tried, and the jury returned a mixed verdict. The jury found that State Farm had not proven that the Borchardts set or procured the fire that destroyed their home. ECF No. 152 at 1-2. But the jury also found that State Farm had proven that Todd, Michele, and Danielle[1] had each "willfully and with intent to defraud State Farm conceal[ed] or misrepresent[ed] any material fact or circumstance relating to the fire or to his or her insurance claim." *Id.* at 2. In light of the evidence presented by State Farm at trial—and in light of the jury's exoneration of the Borchardts with respect to setting or procuring the fire—it is clear that the intentional misrepresentations found by the jury related to the number and value of items of personal property destroyed by the fire.

The Borchardts now move for judgment as a matter of law under Fed. R. Civ. P. 50(b), arguing that no reasonable juror could have found that their misrepresentations about their personal property were material.

I. STANDARD OF REVIEW

In ruling on the Borchardts' motion, the Court must view the evidence in the light most favorable to the jury's verdict and draw all reasonable inferences in the verdict's favor. *Mich. Millers Mut. Ins. Co. v. Asoyia, Inc.*, 793 F.3d 872, 878 (8th Cir.

---

[1] During the trial, State Farm conceded that it could not prove that Dillon had been involved with the fire or had lied about any material fact.

2015).  In other words, the Court must uphold the jury's verdict "unless no reasonable juror could have reached the same conclusion" as the jury.  *Id.* (citation omitted).

"There is some uncertainty about whether federal courts should apply state law standards or federal law standards to motions for a judgment notwithstanding the verdict in diversity cases."  *Keenan v. Comput. Assocs. Int'l, Inc.*, 13 F.3d 1266, 1269 n.3 (8th Cir. 1994).  But the Court need not resolve that uncertainty because the Minnesota standard for Rule 50.02 motions is substantively identical to the federal standard for Rule 50(b) motions.  *Id.*; *cf. Waite v. Am. Family Mut. Ins. Co.*, 352 N.W.2d 19, 21 (Minn. 1984) ("On appeal from an order for judgment notwithstanding the verdict, the evidence is viewed in the light most favorable to the jurors' findings, and the contrary judgment is affirmed only if reasonable minds could not differ that the jury's conclusion was wrong."); *Cox v. Crown CoCo, Inc.*, 544 N.W.2d 490, 495 (Minn. Ct. App. 1996) ("In reviewing the denial of JNOV, this court must affirm if the record contains 'any competent evidence reasonably tending to sustain the verdict.'" (citation omitted)).

## II.  ANALYSIS

The Borchardts make three arguments in support of their Rule 50(b) motion.  The Court will address each argument in turn.

*A. Law of the Case*

The Borchardts first point out that, when the Court denied State Farm's motion for partial summary judgment in August 2017, the Court held that an insured's misrepresentations cannot be deemed material unless those misrepresentations impact the insurer's investigation. The Borchardts argue that State Farm introduced no evidence that the Borchardts' misrepresentations about their personal property had any impact on State Farm's investigation. Therefore, the Borchardts contend, under the "law of the case," State Farm failed to prove materiality. ECF No. 160 at 5-7.

The Court disagrees. The law-of-the-case doctrine "applies only to issues decided by final judgments." *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992). A district court "has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment," *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (citation omitted), so if "a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal," *Lovett*, 975 F.2d at 522.

The August 2017 order on which the Borchardts rely was an order denying State Farm's motion for partial summary judgment. An order denying a summary-judgment motion is not a final judgment. Therefore, any statements that the Court made in its August 2017 order cannot be considered the "law of the case."

Perhaps more importantly, the Court did not hold in its August 2017 order that the *only* way that a misrepresentation can be deemed material is if the misrepresentation impacts the insurer's investigation. Instead, the Court held that the *particular* misrepresentations that were the focus of State Farm's motion could not be deemed material unless they impacted State Farm's investigation.

To be sure, the Court said in its August 2017 order that "in order for an insurer to carry its burden of proving that coverage is void due to a material misrepresentation, the insurer must prove not just that the misrepresented fact was something that the insurer wanted to know, but that the misrepresentation had an impact on the insurer's investigation." ECF No. 81 at 7. But the Court made that statement in the context of alleged misrepresentations about the *cause of the fire*. Specifically, State Farm had alleged that Danielle lied to a State Farm adjuster about whether she had smoked in the basement on the day of the fire and whether she had locked the basement door. *Id.* at 3. State Farm moved for summary judgment against Danielle on the basis of these alleged lies. State Farm conceded, however, that it could not prove that these alleged lies had any impact whatsoever on its investigation. *Id.* at 9. It was in this context that the Court held that Danielle's alleged misrepresentations were not material because they had no impact on State Farm's investigation into the cause of the fire. *Id.* at 11-12.

But now the jury has found that the Borchardts made other misrepresentations to State Farm—representations that were not about the cause of the fire, but about the number and value of items of personal property that were lost in the fire. To put it bluntly, the jury found that the Borchardts attempted to steal from State Farm. These misrepresentations might not have impacted State Farm's investigation into the cause of the fire, but they would nevertheless have been material unless the amount of money involved was trivial.

The case law on which the Borchardts rely is not to the contrary. For example, in *Willis v. State Farm Fire & Casualty Co.*, the Eighth Circuit stated:

> We think, therefore, that the alleged admissions that Mr. Willis made to Ms. Cravens are material ones even though they do not *explicitly relate to the items included on the claim of loss* that the Willises submitted. A jury could reasonably find that Mr. Willis's suspicion that his wife started the fire, and his observation of her removing property from the home shortly before the fire, were relevant to the insurance company's investigation of the fire, and to its ability to protect itself against false claims. If such information had come to light at an earlier point in the investigation, the direction of the investigation and the resources allocated by State Farm to conduct it might very well have been different and more effective. . . .
>
> The Willises also argue that State Farm made no showing that it had actually relied on Mr. Willis's misstatements, or that it would have done anything different had Mr. Willis told the truth. . . . Although reliance must be shown in a claim for fraud in the inducement, courts have generally

-6-

>held that reliance is not an element of an insurer's defense of fraud . . . .
>
>The Willises cite [several cases] . . . for the proposition that an exaggerated claim is not material unless it *leads to an increase in the insurer's liability*. We think, however, that these cases are not apposite. A jury could reasonably have found that Ms. Willis's statement about the cash was material, not because the falsehood *went to the amount of the claim* but because it could have hindered State Farm's investigation of the fire.

219 F.3d 715, 718-20 (emphasis added).

In other words, the Eighth Circuit said that *one* way that a misrepresentation can be material is by impacting the insurer's investigation. But the Eighth Circuit also said (or clearly implied) that a misrepresentation can *also* be material if it "explicitly relate[s] to the items included on the claim of loss," *id.* at 718, if it "leads to an increase in the insurer's liability," *id.* at 720, or if it goes "to the amount of the claim," *id.* All of these are true about the Borchardts' misrepresentations in this case.

### B. Judicial Estoppel

At trial, State Farm did not present expert testimony or any other evidence about whether or when a reasonable insurer would consider misrepresentations about the number and value of items lost in a fire to be material. State Farm takes the position that such evidence was unnecessary. The Borchardts now argue that State Farm should have been judicially estopped from taking that position. *See* ECF No. 160 at 7-9.

-7-

In early 2017, the Borchardts moved for leave to amend their complaint to add a bad-faith claim under Minn. Stat. § 604.18. *See* ECF Nos. 43, 66. That statute allows an insured to recover taxable costs against an insurer if the insured can show that the insurer knowingly or recklessly acted without a reasonable basis in denying benefits under an insurance policy. Minn. Stat. § 604.18, subd. 2(a). In opposing the Borchardts' motion, State Farm argued that there was no factual basis for the Borchardts' proposed bad-faith claim because the Borchardts had "not filed a single affidavit from an expert in the insurance industry to demonstrate how a reasonable insurer in the industry would have handled the claims investigation." ECF No. 56 at 18. State Farm's argument was successful in persuading Magistrate Judge Katherine M. Menendez to deny the Bochardts' motion. *See* ECF No. 70 at 9-10.

The Borchardts now argue that it would be "entirely inconsistent" for State Farm to claim "that there does not need to be evidence of what a reasonable insurer would consider material." ECF No. 160 at 8. Given that "all the issues arise from the investigation of [the] same house fire and apply the 'reasonable insurer' standard to the facts," the Borchardts assert, the Court should apply the doctrine of judicial estoppel to prevent State Farm from arguing that it did not need to present expert testimony about what a reasonable insurer would consider material. *Id.* at 9.

-8-

The Minnesota Court of Appeals has applied the doctrine of judicial estoppel on several occasions. *See, e.g.*, *Bauer v. Blackduck Ambulance Ass'n, Inc.*, 614 N.W.2d 747, 749-50 (Minn. Ct. App. 2000). The Minnesota Supreme Court has not "expressly adopted" the doctrine, *Roers v. Bank of America*, No. 14-CV-0215 (JRT/TNL), 2016 WL 4098743, at *2 (D. Minn. July 28, 2016), but that court has identified three conditions that must be met before judicial estoppel can apply:

> First, the party presenting the allegedly inconsistent theories must have prevailed in its original position (a litigant is not forever bound to a losing position). Second, there must be a clear inconsistency between the original and subsequent position of the party. Finally, there must not be any distinct or different issues of fact in the proceedings.

*State v. Pendleton*, 706 N.W.2d 500, 507 (Minn. 2005) (internal quotation marks and citations omitted). The second and third conditions are not satisfied here.

To begin with, there is no "clear inconsistency" between what State Farm argued before Judge Menendez regarding bad faith and what State Farm is now arguing regarding materiality. State Farm argued—and Judge Menendez found—that a lay juror needed expert testimony in order to assess "what an insurer is required to do to conduct a reasonable investigation in a case of suspected arson." ECF No. 70 at 9. There is nothing inconsistent about arguing, on the one hand, that a lay juror is not capable of assessing the *reasonableness of an arson investigation* and arguing, on the other

hand, that a lay juror is capable of assessing the *materiality of fraudulent statements* about the number and value of items of personal property.

In addition, because the two issues are so different, there are obviously "distinct or different issues of fact in the proceedings." *Pendleton*, 706 N.W.2d at 507. The dispute before Judge Menendez mostly turned on issues of fact about what State Farm did to investigate the cause of the fire that destroyed the Borchardts' home. The dispute before this Court mostly turns on issues of fact about whether and to what extent the Borchardts lied about items of personal property that were lost in the fire.

Under the circumstances, the Court will not apply the doctrine of judicial estoppel against State Farm.

### C. Sufficiency of the Evidence

Finally, the Borchardts argue that State Farm did not introduce sufficient evidence to support the jury's finding that the Borchardts' misrepresentations were material. ECF No. 160 at 9-14. Again, the Court disagrees.

During the final instructions, the Court instructed the jury regarding materiality as follows:

> For a concealment or misrepresentation to be "material," it must be sufficiently substantial to matter to a reasonable insurer. A concealment or misrepresentation that impacts the investigation of an insurer into the cause of a fire is material. Likewise, a concealment or misrepresentation about items of personal property that were allegedly

-10-

>destroyed by a fire is material unless the amount of money involved in the concealment or misrepresentation is so small that a reasonable insurer is not likely to care about it.

ECF No. 147 at 7. The Borchardts did not argue then—and do not argue now— that this instruction was incorrect. To the contrary, the Borchardts conceded at the pretrial conference that an intentional misrepresentation to an insurer about an item of personal property would necessarily be material, unless the amount of money involved was trivial. Now, however, the Borchardts argue that the jury's verdict cannot stand because "State Farm presented no evidence of whether a reasonable insurer in general would have considered the misrepresentations in this instance material." ECF No. 160 at 12.

Even if expert testimony was generally necessary to help a lay juror decide whether "the amount of money involved in [a] concealment or misrepresentation is so small that a reasonable insurer is not likely to care about it," ECF No. 147 at 7, State Farm elicited such expert testimony in this case. On cross-examination, the Borchardts' expert, Michael Pakkala, Sr., did not contest that "many insurance companies" take the position that a homeowner who "lie[s] about the existence of an item" should not get paid. ECF No. 154 at 38. Pakkala also did not contest that these "many" companies act reasonably in taking that position; to the contrary, Pakkala testified: "If you lie about the existence of an item, I guess that's fair." *Id.*

Putting that aside, the Court finds that expert testimony was not necessary to equip *this* jury to determine whether the *Borchardts'* misrepresentations were material. When Todd and Michele put together an inventory of items that they claimed to have lost in the fire, they represented that they had—among other things—four flat-screen televisions, two riding lawnmowers, 1000 DVDs, roughly $1500 worth of food, and $500 worth of tea and coffee. *See* Pl.'s Trial Ex. 6; Def.'s Trial Ex. 74. At trial, however, Todd and Michele admitted that they only owned two flat-screen televisions and one riding lawnmower. Dillon testified that his family had only about 100 DVDs—900 fewer than his parents claimed. And Michele testified that the Borchardts were so impoverished before the fire that she had to borrow $200 from her parents just to be able to feed her family, casting doubt on the Borchardts' claim that they had $1500 worth of food and $500 worth of tea and coffee in their home when it burned. Danielle's misrepresentations appeared to be fewer and less substantial, but she nevertheless claimed that she lost two laptop computers in the fire when, in fact, she lost only one. *See* Pl.'s Trial Ex. 6; Def.'s Trial Ex. 75.

This was not a case in which the Borchardts exaggerated the value of their property by only "a fraction of a cent." *Hamberg v. St. Paul Fire & Marine Ins. Co.*, 71 N.W. 388, 389 (Minn. 1897). The evidence introduced at trial was sufficient to allow a reasonable jury to conclude that the Borchardts had overstated the value of items that

they lost by *thousands* of dollars.  The jurors did not need an expert to tell them that fraudulent statements of that magnitude would be "sufficiently substantial to matter to a reasonable insurer."  ECF No. 147 at 7.  Not surprisingly, the Borchardts have not pointed to a single case in which any judge or jury has found that an attempt to steal thousands of dollars from an insurance company was *not* material.

The Borchardts also complain that State Farm did not present evidence that the subjective reason why it denied the Borchardts' claim was "because of misrepresentations in the contents inventory."  ECF No. 160 at 9.  The Borchardts' argument resembles the argument of the plaintiffs in *Willis* that "State Farm made no showing that it had actually relied on [the plaintiffs'] misstatements."  *Willis*, 219 F.3d at 718.  As the Eighth Circuit pointed out, "courts have generally held that reliance is not an element of an insurer's defense of fraud."  *Id.* at 719.

The Borchardts' insurance policy clearly states that the policy does not provide any coverage to an insured who, after a loss, conceals or misrepresents a material fact "willfully and with intent to defraud."  Pl.'s Trial Ex. 44 at 33.  Neither the policy nor any judicial decision cited by the Borchardts requires that State Farm have subjectively relied on that concealment or misrepresentation when it initially denied coverage.

*   *   *

In sum, the jury reasonably found that three of the Borchardts—Todd, Michele, and Danielle—lied to State Farm about the personal property that they lost in the fire. As the Borchardts recognize,[2] Todd, Michele, and Danielle are therefore barred from any recovery under the State Farm policy, including recovery for the loss of the home. *See Collins v. USAA Prop. & Cas. Ins. Co.*, 580 N.W.2d 55, 56-58 (Minn. Ct. App. 1998) (agreeing with the insurer that "because [the insured] made false claims with respect to personal property, the policy is void for all purposes"). Only Dillon is entitled to recover—and because he did not own the home, he is entitled to recover only the value of the personal property that he lost in the fire.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' renewed motion for judgment as a matter of law [ECF No. 159] is DENIED.

Dated:  June 26, 2018

  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[2] *See* ECF No. 160 at 4 (Borchardts conceding that "the remedy for violating this [concealment or fraud] provision is harsh—the entire policy is void, not merely that part of the policy under which the misrepresentation is made").